JUDGE KAPLAN

**07 CIV 8305**

476-07/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HBC HAMBURG BULK CARRIERS GMBH & CO. KG
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)

RECEIVED
SEP 2 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HBC HAMBURG BULK CARRIERS
GMBH & CO. KG,

                            Plaintiff,

   -against-

WING LEUNG SHIPPING CO. LTD.,

                            Defendant.
----------------------------------------------------------x

07 cv _____

**VERIFIED COMPLAINT**

      Plaintiff HBC HAMBURG BULK CARRIERS GMBH & CO. KG (hereinafter, "HBC"), through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant WING LEUNG SHIPPING CO. LTD. (hereinafter, "WING LEUNG"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/290754.1

2. At all times relevant hereto, Plaintiff HBC was and still is a business entity duly organized and existing under the laws of a foreign country with a registered office at Osdorfer Landstrasse 233, 22549 Hamburg, Germany.

3. At all times relevant hereto, Defendant WING LEUNG was and still is a business entity organized and existing under the laws of a foreign country with an address c/o its managers, S.S. Shipping and Trading Limited, National Scout Bhaban (5th Floor), 70/1, Inner Circular Road, Kakrail, Dhaka-1000, Bangladesh.

4. On or about July 5, 2007, Plaintiff HBC, in the capacity as disponent owner of the GOLDEN WISH, entered into a maritime contract of time charter with Defendant WING LEUNG, as charterer.

5. Plaintiff HBC duly tendered the vessel into the service of WING LEUNG and fully performed its obligations under the charter.

6. At the conclusion of the charter period, Plaintiff HBC submitted a final hire statement to WING LEUNG showing a balance due in Plaintiff's favor in the amount of $112,832.96.

7. In breach of the terms of the charter party, and despite due demand WING LEUNG has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and the entire amount of $112,832.96 remains due and owing.

8. The charter party provides for the application of English law and disputes between the parties may be resolved by arbitration in London, and HBC specifically reserves its right to arbitrate the substantive matters at issue.

9. This action is brought to obtain jurisdiction over WING LEUNG and to obtain security in favor of Plaintiff HBC in respect to its claims against WING LEUNG and in aid of London proceedings.

10. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

11. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

12. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $50,000 and interest on its damages are estimated to be $16,774.13 (calculated at the rate of 7% per annum compounded quarterly for a period of two years, the estimated time for completion of the proceedings in London).

## REQUEST FOR RULE B RELIEF

13. Upon information and belief, and after investigation, Defendant WING LEUNG cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant WING LEUNG ("ASSETS"), including but not limited to ASSETS at,

being transferred through, or being transferred and/or wired to or from various banking institutions and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

14.   The total amount of Plaintiff HBC's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against WING LEUNG is **$179,607.09.**

WHEREFORE, Plaintiff HBC HAMBURG BULK CARRIERS GMBH & CO. KG prays:

   a.   That process in due form of law according to the practice of this Court may issue against Defendant WING LEUNG, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim plus interest;

   b.   That if Defendant WING LEUNG cannot be found within this District pursuant to Supplemental Rule B that all assets of Defendant WING LEUNG, up to **$179,607.09**, to provide full security (as nearly as presently may be calculated) for Plaintiff HBC's claim be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant WING LEUNG, by any garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c.  That the Court enter an order directing Defendant WING LEUNG to appear and respond in arbitration pursuant to the terms of the charter party; and

d.  That the Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       September 24, 2007

>                               FREEHILL HOGAN & MAHAR, LLP
>                               Attorneys for Plaintiff
>                               HBC HAMBURG BULK CARRIERS
>                               GMBH & CO. KG
>
> By:   _____
>       Michael E. Unger (MU 0045)
>       Pamela L. Schultz (PS 8675)
>       80 Pine Street
>       New York, NY 10005
>       (212) 425-1900
>       (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

Michael E. Unger, being duly sworn, deposes and says:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications and documents provided by our client regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
24th day of September, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08

NYDOCS1/290754.1

6